IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE M. BOBAK, | ) | Case No. 1:24–CV–02165–DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | Magistrate Judge Darrell A. Clay |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the *Report and Recommendation* issued by Magistrate Judge Darrell A. Clay on September 18, 2025, denying Shane M. Bobak's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF #11).

On May 20, 2022, Mr. Bobak filed for DIB and, on August 27, 2022, he applied for SSI. Each application claimed disability due to bipolar disorder, an unspecified psychotic disorder, post-traumatic stress disorder, and anxiety. The Social Security Administration denied each application initially and on reconsideration. Mr. Bobak contested the denial and requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 17, 2023, where Mr. Bobak was represented by counsel. The ALJ, after hearing from Mr. Bobak and a vocational expert, determined that Mr. Bobak was not disabled. Mr. Bobak appealed the ALJ's

– 1 –

determination, and the Appeals Council denied his request, which made that decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

Mr. Bobak timely objected to the Magistrate Judge's *Report and Recommendation* on October 12, 2025. (ECF #12). He argues that the Magistrate Judge improperly found no error in the ALJ's exclusion of a state agency psychologist's opinion that Mr. Bobak was limited to "superficial interactions" with familiar coworkers.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a Magistrate Judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a Magistrate Judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b)(3) provides that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a Magistrate Judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

## Conclusion

The Magistrate Judge found that the ALJ properly excluded Mr. Bobak's limitation to superficial interaction because the term was undefined. Mr. Bobak's attorney provided a definition from the Appeals Council; however, as noted by the ALJ, that definition is not binding. In the end, the ALJ substituted the limitation of "superficial interaction" with "frequently working in isolation." (ECF #11, *Report and Recommendation*, p.19). The Magistrate Judge found, and this Court agrees, that the ALJ's substitution was supported by substantial evidence.

This Court has reviewed the Report and Recommendation in this case de novo and has considered all the parties' filings. The Court finds Magistrate Judge Darrell A. Clay's *Report and Recommendation* to be thorough, well-written, well-supported, and correct. After careful evaluation, this Court ADOPTS the findings of fact and conclusions of law set forth by Magistrate Judge Clay over Mr. Bobak's objections.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 3, 2026